## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEE HOLDEN PARKER, #A-50207,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 06-779-GPM** |
| | ) | |
| **ROGER E. WALKER, JR., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Page 1 of  3

Plaintiff claims that in December 2005, one of his registered visitors donated a wheelchair for Plaintiff's use.  A month later, when he was transferred to Pinckneyville, he alleges that the wheelchair was confiscated.  He filed grievances over this matter, but Defendant Dolce's response stated that there was no record of the chair's existence.  Defendants Hicks, Bartley, Benton, and Walker each concurred, in turn, with Dolce's response, thus denying Plaintiff's grievance over the missing wheelchair.  Plaintiff claims that this chain of denials was the result of a conspiracy of retaliation against him for a prior grievance.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  The Seventh Circuit has clarified, however, that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident.  *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006).  *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

In this case, Plaintiff asserts that the retaliatory motive stems from a disciplinary incident in which Plaintiff was charged with having a razor blade in his personal property box.  He states that the ticket was expunged when he finally proved, through the grievance process, that he could not have placed the razor blade where it was found; his contention was that the razor blade was planted by staff at either Menard or Pinckneyville.  His argument in the instant case is that Defendants retaliated against him for succeeding in overturning the ticket by confiscating the wheelchair.

The Court finds that this prior incident involving the razor blade was not a matter of public

concern.  Rather, it was simply a challenge to a particular incident that involved just Plaintiff.

Therefore,  the grievances about the prior incident were not the sort of speech protected by the First

Amendment, and thus Plaintiff has failed to state a claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this

action is **DISMISSED** with prejudice, and all pending motions are **MOOT**.  Plaintiff is advised that

the dismissal of this action will count as one of his three allotted "strikes" under the provisions of

28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 09/27/07


s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge