# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 06-779-GPM |
| ROGER E. WALKER, JR., et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 13). Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

Because Plaintiff challenges the Court's analysis of his complaint, the Court will construe this motion as one to alter or amend judgment filed pursuant to Rule 59(e). Such a motion may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g*

*and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In his motion, Plaintiff takes issue with the Court's characterization of his complaint. In particular, he points to the Court's apparent misunderstanding of his retaliation claims. The Court read the complaint as alleging retaliation over Plaintiff's grievance about a specific disciplinary incident involving a razor blade. Plaintiff claims that this reading is incorrect. Rather, his allegation is that Defendants have retaliated against him for his lengthy history of filing grievances and lawsuits, not simply for this one isolated grievance.

Plaintiff did briefly refer to his pending lawsuits and other grievances as a motivation for Defendants' retaliation. He emphasized in great detail however the razor blade incident and this overwhelms vague references to other grievances or lawsuits he may have filed.

Accordingly, the instant motion is **GRANTED**. The judgment entered in this action (Doc. 12) is **VACATED**; the Clerk shall **REOPEN** this case.

**IT IS SO ORDERED.**

DATED:07/29/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge