IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEE HOLDEN PARKER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **06-779-CJP**[1] |
| | ) | |
| **ROGER E. WALKER, JR.**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Before the Court are Defendants' Motion for Summary Judgment **(Doc. 36)** and

Plaintiff's Motion for Partial Summary Judgment. **(Doc. 43)**.

Plaintiff Lee Holden Parker is a prisoner in the custody of the IDOC. He filed a pro se

lawsuit under 42 U.S.C. §1983. On preliminary review, **Doc. 18,** his claims were construed as

follows:

> Plaintiff claims that in December 2005, one of his registered visitors donated a
> wheelchair for Plaintiff's use. A month later, when he was transferred to Pinckneyville,
> he alleges that the wheelchair was confiscated. He filed grievances over this matter, but
> Defendant Dolce's response stated that there was no record of the chair's existence.
> Defendants Hicks, Bartley, Benton, and Walker each concurred, in turn, with Dolce's
> response, thus denying Plaintiff's grievance over the missing wheelchair. Plaintiff claims
> that this chain of denials was the result of a conspiracy of retaliation against him for his
> lengthy history of filing grievances and lawsuits against various individuals within the
> Illinois Department of Corrections.

Defendant Walker, Benton, Bartley, and Dolce have filed a Motion for Summary

Judgment, which is supported by a memorandum and exhibits, including an affidavit. **(Docs. 36**

---

[1]Upon consent of the parties, this case has been referred to the undersigned for final
disposition pursuant to 28 U.S.C. §636(c). See, Doc. 51.

**& 37)**.  Defendants served the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**.  **(Doc. 38)**.  Plaintiff filed a response in opposition, which included a motion for partial summary judgment.  **(Docs. 42 & 43)**.  Defendants replied to plaintiff's response at **Doc. 45**, and responded to plaintiff's motion for partial summary judgment at **Doc. 46**.   Parker then filed a reply at **Doc. 48.**

Defendants raise failure to exhaust administrative remedies and qualified immunity.

Defendant Hicks entered his appearance after defendants' motion for summary judgment was filed.  In his answer, Hicks raised failure to exhaust administrative remedies and qualified immunity.  **See, Doc. 44.**  Hicks joined in the reply and response to plaintiff's motion, **Docs. 45 & 46.**  In view of the issues raised, the Court's ruling herein applies to defendant Hicks also.

<u>**Relevant Legal Standards**</u>

**1.** <u>**Standard for Summary Judgment**</u>

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c);  see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).**  The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party.  **See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).**

Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**  In responding to a summary judgment motion, the non-moving party may not simply reiterate

the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

## 2. Retaliation

Prison officials may not retaliate against inmates for exercising their First Amendment rights. An act that is otherwise permissible may violate an inmate's rights if it is done for the purpose of retaliating for the inmate's filing of grievances or lawsuits. *DeWalt v. Carter*, **224 F.3d 607, 618 (7th Cir. 2000).**

The burden of proving a retaliation claim is heavy. *Babcock v. White*, **102 F.3d 267, 275 (7th Cir. 1996)**. In order to prevail on such a claim, a plaintiff must show that "(1) he engaged in a protected conduct; and (2) he was retaliated against for engaging in this conduct." *DeWalt*, **224 F.3d at 618**. Further, the retaliatory motive must have been a "substantial or motivating factor in a defendant's actions." *Spiegla v. Hull*, **371 F.3d 928, 942-43 (7th Cir. 2004)**.

## 3. Exhaustion of Administrative Remedies

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, **182 F.3d 532 (7th Cir.1999)** explained

that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and** *Perez*, **182 F.3d at 535-536.** The Supreme Court has held that the exhaustion requirement applies to all prisoner claims "about prison life." ***Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** Exhaustion requires that a prisoner "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800** *et seq.* In summary, these regulations provide that the inmate first submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Office (*i.e.*, the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden responds in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. *Pozo,* **286 F.3d at 1024.**

In ***Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)**, the Seventh Circuit held that, where

exhaustion is contested, the court must follow a three step process:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies

*Pavey*, at 742.

## Analysis

## Defendants' Motion for Summary Judgment, Doc. 36

There is no dispute as to the facts regarding exhaustion. Plaintiff is not claiming that prison employees interfered with his efforts to exhaust a grievance. Therefore, it does not appear that any additional discovery is needed before defendants' motion can be ruled on.

In his complaint, Parker alleges that defendants denied his February 11, 2006, grievance about his missing wheelchair (hereinafter referred to as the "wheelchair grievance") in order to retaliate against him for filing lawsuits and grievances.

Defendants' motion is supported by the affidavit of Sherry T. Benton, a Chairperson with the Office of Inmate Issues. **Doc. 37, Ex. A**. She describes the IDOC grievance process generally, and then summarizes her review of ARB records relating to grievances filed by plaintiff.

Benton's affidavit describes a number of grievances filed by Parker, as well as letters he

wrote to the ARB.  A copy of the February 11, 2006, grievance and the responses thereto are attached to Ex. A as Ex. 4.  This grievance concerns the fact that, after plaintiff's transfer from Menard to Pinckneyville on January 13, 2006, his "personal wheelchair" did not arrive at Pinckneyville.  The counselor (defendant Mary Dolce) and grievance officer (defendant Travis Hicks) both recommended that the grievance be denied, as they were unable to locate any record of the wheelchair.  Defendant Bartley, the warden, concurred.  On behalf of the ARB, defendant Benton also recommended that the grievance be denied.  IDOC Director Walker, by his designee, concurred.  Thus, plaintiff exhausted a grievance about the fact that his "personal wheelchair" did not make it from Menard to Pinckneyville.  However, the fact that the wheelchair is missing is not the gravamen of plaintiff's lawsuit; rather, the claim that he is advancing is that the five defendants denied his wheelchair grievance in retaliation against him for his filing of grievances and lawsuits.

The record establishes that Parker did not exhaust a grievance in which he raised the retaliation claim.  According to Benton's affidavit, Parker did not exhaust a grievance in which he complained that Roger E. Walker, Jr., Sherry Benton, Kenneth Bartley, Travis Hicks, or Mary Dolce conspired to retaliate against him for filing grievances and lawsuits.  **Doc. 37, Ex. A, ¶ 18.** Plaintiff attached copies of a number of grievances to his complaint, but none of those grievances claims that defendants denied his wheelchair grievance due to retaliation.

Parker responded to the exhaustion argument in part 3 of his response.  **See, Doc. 42, p. 4.**  He points to the February 11, 2006, grievance as "proof positive" that he exhausted administrative remedies.  However, as is explained above, the claim in this case is that defendants' denial of the  February 11, 2006, grievance constituted retaliation.  Parker does not identify any grievance in which he complained that defendants retaliated against him by denying

his wheelchair grievance.

Parker again addresses exhaustion in his reply to defendants' response to his motion for partial summary judgment, **Doc. 48.**  He argues that it is "absurd" to suggest that "he ought to have exhausted, let alone file, grievances against the grievance staff who denied or ignored his other grievances." **See, Doc. 48, p. 3, paragraph 3**.  Plaintiff is incorrect.  The Supreme Court has made it clear that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002)**.  Exhaustion is required despite the fact that the administrative process does not provide for the type of relief sought, e.g., money damages. ***Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001)**.  It is clear that there is no futility exception to the exhaustion requirement.  Exhaustion is required despite the "inmate's perception that exhaustion would be futile." ***Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005).**

Because plaintiff failed to exhaust administrative remedies, and the failure was plaintiff's fault, Defendants' Motion for Summary Judgment **(Doc. 36)** must be granted.

<u>**Plaintiff's Motion for Partial Summary Judgment, Doc. 43**</u>

Plaintiff argues that he is entitled to partial summary judgment because defendants have not shown that the prison system maintains a written "wheelchair policy" or protocol to track the location of state-issued or personal wheelchairs.

Plaintiff's motion must be denied.  The prison's failure to maintain written records of the location of inmates' wheelchairs does not violate the Constitution and does not give rise to a viable cause of action.  At most, plaintiff is complaining about a lack of procedural protections.  However, inmates have no liberty or property interests in procedural protections.  See, ***Massey v.***

***Helman***, **259 F.3d 641, 647 (7ᵗʰ Cir. 2001), and cases discussed therein.** Thus, he has not shown that he is "entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c)**. Further, the order on preliminary review did not identify any such claim. **See, Doc. 18.**

<u>Conclusion</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment **(Doc. 36)** is **GRANTED** as to all defendants. Per ***Ford v. Johnson***, **362 F.3d 395, 401 (7ᵗʰ Cir. 2004)**, this case is ordered ***dismissed without prejudice as to all defendants***.

Plaintiff's Motion for Partial Summary Judgment **(Doc. 43)** is **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: May 4, 2009.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**